UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VIKY BOHRA,<br><br>　　　　　　　　Defendant. | CASE NO. CR20-0165JLR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(C)(1)(A) |

## I.　INTRODUCTION

Before the court is *pro se* Defendant Viky Bohra's motion for relief under 18 U.S.C. § 3582(c)(1)(A). (Mot. (Dkt. # 32).) Plaintiff the United States of America ("the Government") opposes Mr. Bohra's motion. (Resp. (Dkt. # 39).) The court has considered Mr. Bohra's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Bohra's motion.

//

ORDER - 1

## II.  BACKGROUND

Mr. Bohra is a 37-year-old inmate who is currently detained at Federal Correctional Institution ("FCI")-Herlong.  (*See* Mot. at 1; Presentence Investigation Report (Dkt. # 21) (sealed).)  He is in prison for his role in a multi-year insider-trading scheme.  (*See generally* Resp. at 2.)  Mr. Bohra pleaded guilty to one count of securities fraud pursuant to the terms of a plea agreement.  (*See* Plea Agreement (Dkt. # 12).)  On June 10, 2021, the court sentenced him to 26 months of imprisonment and one year of supervised release.  (*See* 6/10/21 Minute Entry (Dkt. # 27); Judgment (Dkt. # 28).)  Mr. Bohra self-surrendered and began serving his sentence in August 2021, and his projected release date is June 12, 2023.  (*See* Resp. at 2; Compassionate Release Memorandum (Dkt. # 38) (sealed) at 1.)

## III.  ANALYSIS

Mr. Bohra now asks the court to change the "composition of [his] 26-month sentence." (*See* Mot. at 1.)  Specifically, he wants the Bureau of Prisons ("BOP") to transfer him to home confinement or a Residential Reentry Center for 12 months after he has served 14 months of his sentence at FCI-Herlong.  (*See generally id.*)  The court begins by setting forth the standard of review before turning to its analysis of Mr. Bohra's motion.

A.    **Standard for Relief Under 18 U.S.C. § 3582(c)(1)**

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.  *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United*

*States*, 506 U.S. 817, 824-25 (2010).  One such statute is 18 U.S.C. § 3582(c)(1), which governs motions to modify a term of imprisonment.  *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020).  18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides the court with authority to reduce a sentence upon the motion of an inmate if three conditions are met:  (1) the inmate has either exhausted their administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020).  It also instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether a reduction is appropriate.  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part, that a defendant may be eligible for a sentence reduction if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the community"; and the "reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13; *id.* cmt. n.1 (outlining four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction).

//

The Ninth Circuit, however, has held that United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*; *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding").

**B.      Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Bohra's motion, the court must determine whether he has met the statutory exhaustion requirement for modification of his term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A). Because Mr. Bohra filed this motion on his own behalf, the court may consider this motion only if he has "fully exhausted all administrative rights to appeal," or if 30 days have lapsed since the BOP has received a request for relief under § 3582(c)(1)(A) from him. *Fuller*, 2020 WL 1847751, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)). Mr. Bohra "bears the burden of showing that he exhausted his administrative rights with the BOP before filing his" motion for relief under § 3582(c)(1)(A). *See United States v. Sims*, No. CR18-0262JLR, 2020 WL 2838611, at *3 (W.D. Wash. June 1, 2020). After reviewing the record, the court finds that Mr. Bohra failed to comply with the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). Mr. Bohra has made no claim that he filed a request for a reduction in sentence with the warden at FCI-Herlong, nor did he attach any evidence of exhaustion to

his motion. (*See generally* Mot.) Moreover, no evidence of such a request was found in the BOP's database. (*See* Resp. at 3.)

The terms of § 3582(c)(1)(A) are plain. Pursuant to that provision, the court may modify a term of imprisonment "only in one of the three circumstances enumerated in the statute." *See Fuller*, 2020 WL 1847751, at *3 (citing 18 U.S.C. § 3582(c)(1)(A)). Because Mr. Bohra has filed this motion on his own behalf without first exhausting his administrative remedies or submitting a request to the BOP and waiting 30 days for it to respond, the court lacks authority to consider his motion for relief under § 3582(c)(1)(A). *See Sims*, 2020 WL 2838611, at *4 ("This court and other district courts in the Ninth Circuit that have considered this issue have nearly unanimously concluded that failure to exhaust administrative remedies is fatal" to a motion under § 3582(c)(1)(A).). Accordingly, Mr. Bohra's motion is DENIED without prejudice to re-filing once he complies with § 3582(c)(1)(A)'s exhaustion requirements.

Although the court does not reach the merits of Mr. Bohra's request, the court cautions Mr. Bohra that the relief available under 18 U.S.C. § 3582(c)(1)(A) is limited to a reduction in sentence and that congress has assigned the authority to decide the place of imprisonment to the BOP, not the district courts. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing court's to "reduce the term of imprisonment"); *id.* § 3621 (barring judicial review of the BOP's designation decision); *id.* § 3624 (giving the BOP discretion to allow an inmate to serve a portion of his sentence in home confinement or a community correctional facility).

//

## IV.     CONCLUSION

For the reasons set forth above, Mr. Bohra's motion for relief under 18 U.S.C. § 3582(c)(1)(A) (Dkt. # 32) is DENIED without prejudice to re-filing upon satisfaction of the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).

Dated this 16th day of November, 2021.

JAMES L. ROBART
United States District Judge